THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ETHEL P. PRIMON and Another, Appellants.

First Department, June 12, 1931.

*Foster Buchsbaum* of counsel [*Jacques D. Del Monte*, attorney], for the appellants.

*Robert Daru* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

MARTIN, J. On March 12, 1929, the appellants purchased from Mimis Rose and Stanley Rose a restaurant business with all accessories and the lease of premises in 2754 Broadway, New York city. The restaurant was operated as a " coffee pot " or cafeteria. Part of the purchase price of $8,000 was paid in cash and the payment of the balance, amounting to $6,100, was arranged for by defendants giving twenty-two promissory notes for $250 each and two notes each for $300. As security for the payment of the notes the defendants delivered to the vendors, Mimis Rose and Stanley Rose, a chattel mortgage covering the fixtures in the business.

The appellants operated the restaurant until about April 1, 1930,

when the premises were altered from a coffee pot or cafeteria to a chophouse. Some of the articles not needed for the new business were placed by the defendants for storage in the basement of the premises.

The appellant Nicholas P. Brous testified that he told the complainant Mimis Rose about the alterations and showed him the articles in the basement, to which Mr. Rose made no objection. Mimis Rose denied that he had given the appellants his permission to store the articles in the basement.

Each of the notes as it became due, including the one due May 12, 1930, had been paid when on May thirteenth or fourteenth the defendants were served with a dispossess precept for non-payment of rent. Being unable to pay the rent, they decided to move and made efforts to so notify the complainants. On the morning of May 23, 1930, the appellant Nicholas P. Brous removed various articles from the premises. He testified, however, that they were all articles which were bought after the purchase of the business from the complainants, and that they were not covered by the mortgage.

Mrs. Madeline Robair, sister of the superintendent of the building and a witness for the People, testified that she saw the appellants remove certain articles from the store at about one-thirty A. M. on May 23, 1930; and that she saw a slicing machine, a barrel and several packages taken out. One of the mortgagees, Mimis Rose, testified that he visited the premises on May 25, 1930, and noted that some of the mortgaged articles were not there.

The appellant Nicholas Brous testified that he did not remove any of the mortgaged chattels; that the slicing machine was not taken away by him; that he removed a radio that he owned; that the other defendant, Ethel Primon, left the store on the night in question at about twelve midnight; that in April, 1930, when the cafeteria was changed into a chophouse, the old electric sign was stored with the sign company with Mimis Rose's consent, and a new sign erected.

The appellant Ethel Primon testified that she never removed anything from the store; that the articles which were not needed after the alterations had been made were stored in the cellar. A witness for the defendants, Lena Johnson, testified that on the night in question she went to the store at about ten o'clock and left with the defendant Brous, and that he did not take a slicing machine out of the premises.

It is contended by the appellants that the People failed to establish that appellants unlawfully removed or secreted any of the mortgaged property with intent to defraud the mortgagees. They contend that there was no proof worthy of consideration

that Nicholas Brous removed the slicing machine mentioned in the mortgage, for it was impossible for the witness Madeline Robair to sufficiently identify the machine in the dark and at a distance of fifteen or twenty feet, and that she must have observed the radio and decided it was the slicing machine.

At the time the defendants were evicted from the premises for non-payment of rent, they were not in default on any of the notes. The evidence shows that property placed in the cellar was not secreted by defendants with intent to defraud the mortgagees; that the complainant Mimis Rose had knowledge of the change in the premises from a cafeteria to a chophouse and that he consented to the storing of some of the articles in the basement and the sign with the sign company.

When the witnesses for the People were compelled to specify the particular articles which were removed, they were not able to substantiate the broad charge that a large amount of property was missing

The People not only failed to prove that the defendants removed the mortgaged property, but there was no evidence of the unlawful secreting or disposal of property with intent to defraud the mortgagees, such as is required to convict under the provisions of the Penal Law (section 940).

We are of the opinion that the evidence not only failed to establish the crime charged, but very clearly demonstrated that the defendants were not guilty of any crime.

The judgment of conviction should be reversed and a new trial ordered.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY. JJ., concur.

Judgment reversed and a new trial ordered.